UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                          23-CR-102

JOSEPH BARSUK,

                  Defendant.

## PROTECTIVE ORDER

As part of discovery in this action, the government intends to provide general Rule 16 discovery that includes a redacted search warrant affidavit, medical records, and other information related to Victim 1. The government has requested a protective order limiting the dissemination of this material on the grounds that the identity and safety of individuals who provided information to the government may be compromised if discovery materials are reproduced to third parties or the defendant.

**NOW**, upon agreement of the parties, pursuant to Federal Rule of Criminal Procedure Rule 16(d) and 18 U.S.C. §§ 3771(a)(1) and 3771(a)(8), it is hereby **ORDERED**:

## RULE 16 DISCOVERY

**ORDERED**, that the material set forth above shall be used by counsel for the defendant and the defendant solely in connection with pretrial, trial or other proceedings in this action, including any appeals, shall not be disclosed to the public, and shall not be disclosed to third parties by counsel or the defendant except as necessary in connection with

pretrial proceedings, trial preparation or other proceedings in this action; and it is further

**ORDERED**, that copies of the material set forth above shall be retained by counsel for the defendant and shall not be provided to the defendant or third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action; and it is further

**ORDERED**, that copies of the material set forth above shall not be provided to the defendant absent further order of the Court; and it is further

**ORDERED**, that if counsel for the defendant provides the defendant with access to the above material, counsel shall ensure that the defendant does not take notes or have access to a cellular telephone or any other photographic or video- or audio-recording equipment during such review; and it is further

**ORDERED**, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material on the internet or through any form of social media shall constitute a violation of the terms of this order; and it is further

**ORDERED**, any discovery materials that the defendant files in connection with any pretrial proceedings, pre-trial motions, trial, or in post-trial or other proceedings shall be filed under seal and shall remain sealed until otherwise ordered by the Court; and it is further

**ORDERED**, that counsel for the defendant or the defendant may apply to the Court for an order specifically permitting public disclosure of specified discovery material; and it is further

### 3500 MATERIAL

**ORDERED**, that in the event that in its discretion the government permits counsel for the defendant to review 3500 materials at the U.S. Attorney's Office, such review is limited to "Attorney's Eyes Only."  Counsel for the defendant shall not provide any notes, recordings, descriptions, or disclosures of any kind regarding 3500 materials to the defendant without further Order of the Court.  Nothing in this order should be construed as requiring the government to permit counsel for the defendant early access to, or review of, 3500 materials; and it is further

**ORDERED**, that nothing in this Order shall prevent any party from seeking modification of this Protective Order; and it is further

**ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the above mentioned material to the government immediately upon request of the government.

DATED:  Buffalo, New York, January __17__, 2024.

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge